IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RANDY RAY JENNINGS                                                                         PLAINTIFF

vs.                                       Civil No. 6:11-cv-06006

MICHAEL J. ASTRUE                                                                          DEFENDANT
Commissioner, Social Security Administration

**<u>MEMORANDUM OPINION</u>**

Randy Ray Jennings ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     <u>Background:</u>**

Plaintiff protectively filed an application for SSI on November 1, 2006. (Tr. 12, 77-79). In this application, Plaintiff alleged he was disabled due to lung and arthritis problems. (Tr. 86-87). Specifically, Plaintiff claimed the following regarding his impairments: "I have back and shoulder pain due to injuries. I cannot lift, bend, or twist. If I sit or stand for very long I have more pain."

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

(Tr. 87). Plaintiff alleged on onset date of January 1, 1995. (Tr. 12, 77). This application was denied initially and again upon reconsideration. (Tr. 47-48).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 57-76). An administrative hearing was held on March 4, 2009 in Hot Springs, Arkansas. (Tr. 27-46). Plaintiff was present and was represented by Virginia Hollished at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Beth Clem testified at the hearing. *Id.* On the date of this hearing, Plaintiff was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed the tenth grade in school. (Tr. 30-31).

On May 22, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application. (Tr. 12-20). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 1, 2006, his application date. (Tr. 14, Finding 1). The ALJ determined Plaintiff had the following severe impairments: depression, degenerative disc disease, degenerative joint disease, anxiety, and bronchitis. (Tr. 14, Finding 2). The ALJ also determined none of Plaintiff's impairments met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-15, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-18, Finding 4). First, the ALJ evaluate Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds the claimant has residual functional capacity to perform the full range of light work as defined in

>20 CFR 416.967(b). Non-exertionally, he is able to maintain interpersonal contact that is routine but superficial; perform tasks that are no more complex than those learned by experience and which may involve several variables; use of judgment is within normal limits; and little supervision is needed for routine tasks but detailed supervision required for non-routine tasks.

(Tr. 15-18, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18-19, Finding 5). The VE testified at the administrative hearing regarding this issue. (Tr. 43-45). Based upon that testimony, the ALJ determined Plaintiff had PRW as an apartment complex maintenance worker (semi-skilled, medium). *Id.* Considering his RFC, the ALJ found Plaintiff was unable to perform his PRW. (Tr. 18-19, Finding 5).

The ALJ also determined, however, that there was other work Plaintiff could perform in the national economy, considering his age, education, work experience, and RFC. (Tr. 19-20, Finding 9). The ALJ based this finding upon the testimony of the VE. *Id.* The VE testified, considering all Plaintiff's vocational factors, that a hypothetical person would be able to perform the requirements of representative occupations such as a security guard with 3,400 such jobs in the state and 322,000 such jobs in the nation or as an inspector with 5,300 such jobs in the state and 300,000 such jobs in the nation. (Tr. 43-45). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability as defined by the Act since November 1, 2006 (the date the application was filed) through May 22, 2009 (the date of the decision). (Tr. 20, Finding 10).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4). *See* 20 C.F.R. § 404.968. On November 24, 2010, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On January 28, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 16, 2011.

ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 9, 12.  This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff claims the following: (1) his impairments in combination are disabling; (2) the ALJ improperly determined his left shoulder impairment was non-severe; and (3) the ALJ improperly concluded he retained the RFC to perform light work activity.[2] ECF No. 11. Because this Court finds the ALJ erred by determining his left shoulder impairment was non-severe, this Court will only address Plaintiff's second argument for reversal.

---

[2] In his briefing, Plaintiff's argument headers actually only state two claims. ECF No. 11. Upon review, however, it is clear Plaintiff raises three arguments for reversal. Importantly, Plaintiff argues at length that the ALJ should have found his left shoulder impairment was severe.

5

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, Plaintiff claims he was disabled due to a left shoulder impairment. (Tr. 35, 86-87). The ALJ, however, found Plaintiff only suffered from the following severe impairments: depression, degenerative disc disease, degenerative joint disease, anxiety, and bronchitis. (Tr. 14, Finding 2). In making this finding, the ALJ determined Plaintiff's left shoulder impairment was non-severe and did not meet the low or *de minimis* standard as articulated by the Eighth Circuit and the U.S. Supreme Court. That determination was in error. While this impairment may not necessarily be *disabling,* the medical evidence demonstrates Plaintiff's left shoulder impairment causes more than *slight abnormalities,* which is all that is required for an impairment to be considered "severe."

For example, the medical records demonstrate that in November of 2003, an MRI scan of

Plaintiff's left shoulder disclosed a tear of the left supraspinatus tendon or rotator cuff. (Tr. 155-167). On February 16, 2004, Plaintiff returned for a follow-up appointment to evaluate this tear. (Tr. 177). As a result of this tear and because Plaintiff was apparently continually suffering from pain in his shoulder, Plaintiff's doctor recommended surgery for his rotator cuff and stated "[w]e will plan on scheduling surgery some time in the near future."[3] *Id.*

After 2004 and throughout the medical records until the date of this hearing, Plaintiff has complained of left shoulder pain. (Tr. 200, 210, 232). As of the date of the administrative hearing on March 4, 2009, Plaintiff was still reportedly suffering from shoulder pain that caused him to be unable to work. (Tr. 31-32, 35-36). Based upon these earlier records, that shoulder pain appears to be supported by the medical record.

Considering this information, the ALJ should have determined Plaintiff's shoulder impairment caused him more than a slight abnormality. Because it caused more than a slight abnormality, it should have been found to be severe. Thus, at the very least, the ALJ should have found Plaintiff's left shoulder pain was a severe impairment, and this case must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

---

[3] Based upon the record, it appears Plaintiff did not undergo this surgery on his rotator cuff. Plaintiff testified at the administrative hearing that he missed the surgery because the surgery was scheduled in Little Rock on short notice, and he could not travel to Little Rock because he was given such short notice. (Tr. 38). Further, Plaintiff testified that this surgery was a "charity" slot that could not be rescheduled, and he could not afford the surgery otherwise. *Id.* It appears Defendant disputes whether Plaintiff's failure to have this surgery performed was justified. The issue of whether Plaintiff was justified in not having this surgery may be properly considered in evaluating Plaintiff's RFC, but the ALJ should have still found Plaintiff's shoulder impairment was severe.

52 and 58.

**ENTERED this 30th day of January, 2012.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE